## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   **JANICE KEMP,** | ) | |
| | ) | |
|       **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** CIV-13-994-W |
| | ) | |
| 1.   **INTEGRIS HEALTH, INC.,** | ) | |
| | ) | |
|       **Defendant.** | ) | |

### COMPLAINT

### I.  PRELIMINARY STATEMENT

1.     This is a civil action alleging employment discrimination and illegal discharge from employment because of race, color, sex, and/or age in violation of the following federal statutes: the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA").

### II.  PARTIES

2.     Plaintiff, Janice Kemp, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of Spencer, Oklahoma.

3.     Defendant is a domestic not for profit corporation which does business in the state of Oklahoma within the Western District.

### III.  JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f)(3), and 29 U.S.C. § 626(c) and § 216(b).

5.     Venue is proper under 28 U.S.C. § 1391(b) and (c), 42 U.S.C. §2000e-(f)(3), and 29 U.S.C. § 626(c) and § 216(b).

### IV.  CONDITIONS PRECEDENT

6.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 16, 2012 (Charge No. 564-2012-01410).

7.     Plaintiff was issued a notice of right to sue dated June 18, 2013, for the above-referenced charge, and this lawsuit is filed within ninety (90) days of Plaintiff's receipt of such notice.

8.     Plaintiff has exhausted her administrative remedies under both the ADEA and Title VII.

### V.  FACTUAL ALLEGATIONS

9.     Defendant does business in the state of Oklahoma and within the Western District.

10.    Plaintiff was initially employed by Defendant in approximately September, 1981.

11.    Plaintiff was qualified to perform her assigned job duties as a Mental Health Tech II at Defendant's mental health facility located in Spencer, Oklahoma, based

upon her education, training, and prior work experience.

12.    Plaintiff performed her job duties in a satisfactory manner while employed by Defendant as evidenced by her satisfactory attendance, performance evaluations, and disciplinary record.

13.    Plaintiff is an African American female whose year of birth is 1964. At the time of the adverse actions taken by Defendant against her, she was 47 years old.

14.    In 2011, Plaintiff applied for a Mental Health Tech III position. Plaintiff was well qualified for the position, but the position was given to a less qualified younger male employee. Plaintiff has also applied for other positions for which she was qualified during her employment with Defendant, but was not selected because of her race, color, age, and/or gender. Plaintiff was also bumped from her shift and her shift preference was given to a younger male employee.

15.    On or about January 25, 2012, Plaintiff was discharged from her employment by her supervisor, Glenda Robinett. Plaintiff was accused of writing a letter spreading rumors, making false accusations against two employees, and refusing to assist in an investigation. Plaintiff denied doing so, and requested to see a copy of the letter. Plaintiff's request was denied. The reason given for Plaintiff's discharge is false and pretextual.

16.    Plaintiff contacted Stephanie Curd, Employee Relations Consultant for Defendant, and LaNita Holland, representative for Defendant, to ask for a review of the basis for Plaintiff's discharge, but this request was denied. Plaintiff filed for

unemployment compensation benefits and Defendant contested Plaintiff's claim, but after a hearing it was determined that Plaintiff had not engaged in misconduct and benefits were awarded to her.

17.     As a result of Defendant's actions, Plaintiff has sustained loss of employment, loss of seniority, loss of career path, loss of wages, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

18.     All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or in reckless disregard for the legal rights of Plaintiff. Defendant has a written policy stating it will not discriminate against its employees based upon race, color, sex, and/or age. Nonetheless, Defendant knowingly and willfully discriminated against Plaintiff because of her race, color, sex, and/or age.

## VI.  FIRST CAUSE OF ACTION: <br> VIOLATION OF 42 U.S.C. SECTION 1981

19.     Plaintiff incorporates hereunder by reference paragraphs 1-18, as set forth above.

20.     Defendant's intentional, willful, and malicious adverse actions against Plaintiff as set forth in ¶¶ 14-16, above, including without limitation, subjecting her to different terms and conditions of employment, denying her promotion, and terminating her employment, because of her race and color, violated Plaintiff's rights set forth in 42

U.S.C. § 1981 ("§ 1981").

21.     As a result of Defendant's intentional illegal actions in violation of § 1981,

Plaintiff suffered losses and damages as set forth in ¶ 17, above.

22.     Plaintiff is entitled to recover all actual and compensatory damages, punitive

damages, and her costs and attorney's fees for Defendant's violation of § 1981.

## VII. SECOND CAUSE OF ACTION: <br> <u>VIOLATION OF TITLE VII</u>

23.     Plaintiff incorporates hereunder by reference paragraphs 1-22, as set forth

above.

24.     At all times relevant herein, Defendant employed over fifteen (15)

employees.

25.     Defendant is engaged in interstate commerce as defined within Title VII.

26.     Defendant is an "employer" as that term is defined in Title VII, and

Defendant is subject to the requirements of Title VII.

27.     Plaintiff's race, color, and/or sex were motivating factors in Defendant's

adverse employment-related actions described above in ¶¶ 14-16, including without

limitation, subjecting her to different terms and conditions of employment, denying her

promotion, and terminating her from employment.

28.     As a result of Defendant's illegal actions under Title VII, Plaintiff has

suffered personal injury, losses, and damages, as set forth in ¶ 17, above.

29.     Plaintiff is entitled to and seeks all legal and equitable remedies provided

to a prevailing plaintiff under Title VII, including, without limitation: back pay, reinstatement to her rightful place or front pay in lieu thereof, compensatory and punitive damages, her costs and attorney's fees, and appropriate declaratory and injunctive relief.

## VIII. THIRD CAUSE OF ACTION:
## <u>VIOLATION OF THE ADEA</u>

30.     Plaintiff incorporates hereunder by reference paragraphs 1-29, as set forth above.

31.     Plaintiff's age was a determining factor in all adverse employment-related actions taken by Defendant described above in ¶¶ 14-16, including without limitation, subjecting her to different terms and conditions of employment, denying her promotion, and terminating her from employment.

32.     Defendant's adverse actions against Plaintiff because of her age violated the ADEA.

33.     Defendant's violation of the ADEA was willful and intentional.

34.     Plaintiff is entitled to all legal and equitable remedies provided to a prevailing  plaintiff under the ADEA, including, without limitation, back pay, liquidated damages, reinstatement to her rightful place or front pay in lieu thereof, costs, reasonable attorney's fees, and appropriate declaratory and injunctive relief.

## IX.  <u>PRAYER FOR RELIEF</u>

35.     Plaintiff prays for judgment as follows:

A.     Payment to Plaintiff of back wages and benefits;

B.      Reinstatement to Plaintiff's rightful position to which she would be

        entitled but for Defendant's illegal actions, or alternatively,

        appropriate front pay;

C.      All compensatory damages, including, but not limited to, those for

        humiliation, loss of dignity, loss of enjoyment of life, worry, stress,

        and anxiety;

D.      Liquidated damages;

E.      Punitive or exemplary damages;

F.      Pre-judgment and post-judgment interest;

G.      Declaratory and injunctive relief as appropriate; and,

H.      Attorney's fees, costs and such other and further relief as the Court

        deems reasonable and proper.

s/ Raymond C. Durbin
OBA No. 2554
Attorney for Plaintiff
601 N.W. 13th Street
Oklahoma City, Oklahoma 73103-2213
Phone:      (405) 521-0577
Fax:        (405) 525-0528
Email:      durbinlaw@flash.net

ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED.**

**JURY TRIAL DEMANDED.**